**Lenna Suryana KHOE;
et al., Petitioners,**

**v.**

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 06–74308.**

United States Court of Appeals, Ninth Circuit.

Submitted July 14, 2009.*

Filed July 23, 2009.

Albert C. Lum, Sr., Esquire, Law Office of Albert C. Lum, Pasadena, CA, for Petitioners.

CAC-District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Ann Carroll Varnon, Esquire, Christopher C. Fuller, Esquire, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, THOMAS, and WARDLAW, Circuit Judges.

MEMORANDUM **

Lenna Suryana Khoe, Bambang Kusandiwanata Khoe, and their daughters, na-

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-

tives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Ordonez v. INS,* 345 F.3d 777, 782 (9th Cir.2003). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying the Khoes' motion to reopen because they failed to show prima facie eligibility for asylum, withholding of removal, or protection under the Convention Against Torture ("CAT"). *See id.* at 785; *see also Lolong v. Gonzales,* 484 F.3d 1173, 1181 (9th Cir.2007) (en banc) (asylum eligibility requires showing that applicant likely to be specifically targeted); *Mansour v. Ashcroft,* 390 F.3d 667, 673 (9th Cir.2004) (applicant who fails to meet standard for asylum, necessarily fails to meet standard for withholding of removal); *Nuru v. Gonzales,* 404 F.3d 1207, 1216 (9th Cir.2005) (CAT applicant must establish that it is more likely than not that he would be tortured in the country of removal).

To the extent the Khoes contend the immigration judge violated their due process rights, we lack jurisdiction to review this contention because they did not raise it to the BIA in their motion to reopen. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (explaining that this court lacks jurisdiction to review contentions not raised before the agency); *see also Singh v. INS,* 315 F.3d 1186, 1188 (9th Cir.2003) (explaining that this courts lacks jurisdiction to review an order of removal where the petition for review is not timely as to that order).

ed by 9th Cir. R. 36–3.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**